IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

KIMBERLY A. KOHLER, Administrator Ad )
Pros of the Estate of MARSADA MAE )
CONNORS, deceased, and CHRISTINE )
KURZWEIL, Administrator Ad Pros of the )
Estate of COLE W. YOUNG, deceased, )
                                        )
       Plaintiffs, )
                                        ) Case No. 1:21-cv-05146
vs. )
                                        )
CRST EXPEDITED, INC., et al. ) **DEFENDANT DEMANDS TRIAL**
                                        ) **BY JURY**
       Defendants. )

## *DEFENDANT CRST EXPEDITED, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AT LAW*

COMES NOW Defendant CRST Expedited, Inc., by and through its undersigned counsel, and for its Answer to Plaintiffs' First Amended Complaint at Law, states:

### *COUNT I – NEGLIGENCE – WRONGFUL DEATH*
### *KOHLER v. BILL LARD*

1.     This defendant admits the allegations contained in paragraph 1 of the First Amended Complaint at Law.

2.     This defendant admits the allegations contained in paragraph 2 of the First Amended Complaint at Law.

3.     This defendant admits the allegations contained in paragraph 3 of the First Amended Complaint at Law relative to CRST Expedited, Inc., but denies any remaining allegations or inferences contained therein, specifically including allegations relating to any other purported, and fictitious, CRST entity named in the First Amended Complaint at Law.

4.     This defendant admits the allegations contained in paragraph 4 of the First Amended Complaint at Law relative to CRST Expedited, Inc., but denies any remaining allegations

or inferences contained therein, specifically including allegations relating to any other purported, and fictitious, CRST entity named in the First Amended Complaint at Law.

5.      This defendant admits that its registered agent in Illinois is Cogency Global, Inc. with its office address listed as 600 South Second Street, Suite 404, Springfield, Illinois 62704, but this defendant denies the remaining allegations contained in paragraph 5 of the First Amended Complaint at Law.

6.      Paragraph 6 of the First Amended Complaint at Law makes no factual allegations to which this defendant is obligated to respond insofar as paragraph 6 contains conclusions of law. To the extent this paragraph is deemed to contain any factual allegations, this defendant denies all such allegations.

7.      This defendant admits the allegations contained in paragraph 7 of the First Amended Complaint at Law relative to CRST Expedited, Inc., but denies any remaining allegations or inferences contained therein, specifically including allegations relating to any other purported, and fictitious, CRST entity named in the First Amended Complaint at Law.

8.      This defendant admits the allegations contained in paragraph 8 of the First Amended Complaint at Law.

9.      This defendant denies the allegations contained in paragraph 9 of the First Amended Complaint at Law.

10.     This defendant admits that Bill Lard operated the referenced vehicle under the authority and control of his employer, CRST Expedited, Inc., but denies any remaining allegations or inferences contained therein, specifically including allegations relating to any other purported, and fictitious, CRST entity named in the First Amended Complaint at Law.

11.      This defendant admits that Bill Lard operated the referenced vehicle with the consent of his employer, CRST Expedited, Inc., but denies any remaining allegations or inferences contained therein, specifically including allegations relating to any other purported, and fictitious, CRST entity named in the First Amended Complaint at Law.

12.      This defendant admits that Bill Lard was an agent and employee of CRST Expedited, Inc. and acting within the scope of his agency and employment with CRST Expedited, Inc. at the time of the accident referenced in the First Amended Complaint at Law, but denies any remaining allegations or inferences contained therein, specifically including allegations relating to any other purported, and fictitious, CRST entity named in the First Amended Complaint at Law.

13.      This defendant is without sufficient information to admit or deny the allegations contained in paragraph 13 of the First Amended Complaint at Law and, therefore, denies same.

14.      This defendant is without sufficient information to admit or deny the allegations contained in paragraph 14 of the First Amended Complaint at Law and, therefore, denies same.

15.      This defendant admits the allegations contained in paragraph 15 of the First Amended Complaint at Law.

16.      This defendant is without sufficient information to admit or deny the allegations contained in paragraph 16 of the First Amended Complaint at Law and, therefore, denies same.

17.      This defendant is without sufficient information to admit or deny the allegations contained in paragraph 17 of the First Amended Complaint at Law and, therefore, denies same.

18.      This defendant admits the allegations contained in paragraph 18 of the First Amended Complaint at Law.

19.     This defendant admits the allegations contained in paragraph 19 of the First Amended Complaint at Law.

20.     Paragraph 20 of the First Amended Complaint at Law makes no factual allegations to which this defendant is obligated to respond insofar as paragraph 20 contains conclusions of law.  To the extent this paragraph is deemed to contain any factual allegations, this defendant denies all such allegations.

21.     Paragraph 21 of the First Amended Complaint at Law makes no factual allegations to which this defendant is obligated to respond insofar as paragraph 21 contains conclusions of law.  To the extent this paragraph is deemed to contain any factual allegations, this defendant denies all such allegations.

22.     This defendant denies the allegations contained in paragraph 22 of the First Amended Complaint at Law, including each and every subpart thereto.

23.     This defendant denies the allegations contained in paragraph 23 of the First Amended Complaint at Law.

24.     This defendant is without sufficient information to admit or deny the allegations contained in paragraph 24 of the First Amended Complaint at Law and, therefore, denies same.

25.     This defendant is without sufficient information to admit or deny the allegations contained in paragraph 25 of the First Amended Complaint at Law and, therefore, denies same.

26.     This defendant is without sufficient information to admit or deny the allegations contained in paragraph 26 of the First Amended Complaint at Law and, therefore, denies same.

### COUNT II – NEGLIGENCE – SURVIVAL ACTION
### KOHLER v. BILL LARD

This defendant makes no answer to Count II of the First Amended Complaint at Law on the basis that Count II is not directed against this defendant. In the event that any of the allegations are or can be construed against this defendant, they are specifically denied.

### COUNT III – NEGLIGENCE – WRONGFUL DEATH – RESPONDEAT SUPERIOR
### KOHLER v. CRST EXPEDITED, INC.

32. This defendant restates and incorporates herein by reference its responses to paragraphs 1-21 of the First Amended Complaint at Law as though fully set forth herein.

33. This defendant denies the allegations contained in paragraph 33 of the First Amended Complaint at Law, including each and every subpart thereto.

34. This defendant denies the allegations contained in paragraph 34 of the First Amended Complaint at Law.

35. This defendant is without sufficient information to admit or deny the allegations contained in paragraph 35 of the First Amended Complaint at Law and, therefore, denies same.

36. This defendant is without sufficient information to admit or deny the allegations contained in paragraph 36 of the First Amended Complaint at Law and, therefore, denies same.

37. This defendant is without sufficient information to admit or deny the allegations contained in paragraph 37 of the First Amended Complaint at Law and, therefore, denies same.

### COUNT IV – NEGLIGENCE – SURVIVAL ACTION – RESPONDEAT SUPERIOR
### KOHLER v. CRST EXPEDITED, INC.

38. This defendant restates and incorporates herein by reference its responses to paragraphs 1-26 and 32-33 of the First Amended Complaint at Law as though fully set forth herein. This defendant made no response to paragraphs 27-31 of the First Amended Complaint at Law since the counts containing those paragraphs are not directed against this defendant.

However, in the event that any of those allegations are or can be construed against this defendant, and in the event that any of the allegations contained in paragraphs 27-31 are adopted or incorporated into this count directed against this defendant, they are specifically denied.

39. This defendant denies the allegations contained in paragraph 39 of the First Amended Complaint at Law.

40. This defendant acknowledges that Plaintiff Kimberly A. Kohler, Administrator Ad Pros of the Estate of Marsada Mae Connors, deceased, purports to pursue the claims in Count IV of the First Amended Complaint at Law pursuant to 735 ILCS 5/13-209.

41. This defendant states that the referenced statute speaks for itself in terms of the types of damages to which plaintiff claims she is entitled as a result of the claims contained in Count IV of the First Amended Complaint at Law.

42. This defendant is without sufficient information to admit or deny the allegations contained in paragraph 42 of the First Amended Complaint at Law and, therefore, denies same.

### COUNT V – NEGLIGENCE – WRONGFUL DEATH
### KOHLER v. CRST EXPEDITED, INC.

43. This defendant restates and incorporates herein by reference its responses to paragraphs 1-21 of the First Amended Complaint at Law as though fully set forth herein.

44. Paragraph 44 of the First Amended Complaint at Law makes no factual allegations to which this defendant is obligated to respond insofar as paragraph 44 contains conclusions of law. To the extent this paragraph is deemed to contain any factual allegations, this defendant denies all such allegations.

45. Paragraph 45 of the First Amended Complaint at Law makes no factual allegations to which this defendant is obligated to respond insofar as paragraph 45 contains conclusions

of law. To the extent this paragraph is deemed to contain any factual allegations, this defendant denies all such allegations.

46.     This defendant denies the allegations contained in paragraph 46 of the First Amended Complaint at Law, including each and every subpart thereto.

47.     This defendant denies the allegations contained in paragraph 47 of the First Amended Complaint at Law.

48.     This defendant is without sufficient information to admit or deny the allegations contained in paragraph 48 of the First Amended Complaint at Law and, therefore, denies same.

49.     This defendant is without sufficient information to admit or deny the allegations contained in paragraph 49 of the First Amended Complaint at Law and, therefore, denies same.

50.     This defendant is without sufficient information to admit or deny the allegations contained in paragraph 50 of the First Amended Complaint at Law and, therefore, denies same.

### COUNT VI – NEGLIGENCE – SURVIVAL ACTION
### KOHLER v. CRST EXPEDITED, INC.

51.     This defendant restates and incorporates herein by reference its responses to paragraphs 1-26 and 32-46 of the First Amended Complaint at Law as though fully set forth herein. This defendant made no response to paragraphs 27-31 of the First Amended Complaint at Law since the counts containing those paragraphs are not directed against this defendant. However, in the event that any of those allegations are or can be construed against this defendant, and in the event that any of the allegations contained in paragraphs 27-31 are adopted or incorporated into this count directed against this defendant, they are specifically denied.

52.     This defendant denies the allegations contained in paragraph 52 of the First Amended Complaint at Law.

53.     This defendant acknowledges that Plaintiff Kimberly A. Kohler, Administrator Ad Pros of the Estate of Marsada Mae Connors, deceased, purports to pursue the claims in Count VI of the First Amended Complaint at Law pursuant to 735 ILCS 5/13-209.

54.     This defendant states that the referenced statute speaks for itself in terms of the types of damages to which plaintiff claims she is entitled as a result of the claims contained in Count VI of the First Amended Complaint at Law.

55.     This defendant is without sufficient information to admit or deny the allegations contained in paragraph 55 of the First Amended Complaint at Law and, therefore, denies same.

### COUNT VII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### KOHLER v. BILL LARD

This defendant makes no answer to Count VII of the First Amended Complaint at Law on the basis that Count VII is not directed against this defendant.  In the event that any of the allegations are or can be construed against this defendant, they are specifically denied.

### COUNT VIII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### KOHLER v. CRST EXPEDITED, INC.

64.     This defendant restates and incorporates herein by reference its responses to paragraphs 1-26 and 32-55 of the First Amended Complaint at Law as though fully set forth herein.  This defendant made no response to paragraphs 27-31 and 56-59 of the First Amended Complaint at Law since the counts containing those paragraphs are not directed against this defendant.  However, in the event that any of those allegations are or can be construed against this defendant, and in the event that any of the allegations contained in paragraphs 27-31 and 56-59 are adopted or incorporated into this count directed against this defendant, they are specifically denied.

65.     This defendant denies the allegations contained in paragraph 65 of the First Amended Complaint at Law, including each and every subpart thereto.

66.     This defendant denies the allegations contained in paragraph 66 of the First Amended Complaint at Law.

67.     This defendant denies the allegations contained in paragraph 67 of the First Amended Complaint at Law.

68.     This defendant is without sufficient information to admit or deny the allegations contained in paragraph 68 of the First Amended Complaint at Law and, therefore, denies same.

### COUNT IX – NEGLIGENCE – WRONGFUL DEATH
### KURZWEIL v. BILL LARD

This defendant makes no answer to Count IX of the First Amended Complaint at Law on the basis that Count IX is not directed against this defendant. In the event that any of the allegations are or can be construed against this defendant, they are specifically denied.

### COUNT X – NEGLIGENCE – SURVIVAL ACTION
### KURZWEIL v. BILL LARD

This defendant makes no answer to Count X of the First Amended Complaint at Law on the basis that Count X is not directed against this defendant. In the event that any of the allegations are or can be construed against this defendant, they are specifically denied.

### COUNT XI – NEGLIGENCE – WRONGFUL DEATH – RESPONDEAT SUPERIOR
### KURZWEIL v. CRST EXPEDITED, INC.

80.     This defendant restates and incorporates herein by reference its responses to paragraphs 1-21 of the First Amended Complaint at Law as though fully set forth herein.

81.     This defendant denies the allegations contained in paragraph 81 of the First Amended Complaint at Law, including each and every subpart thereto.

82.     This defendant denies the allegations contained in paragraph 82 of the First Amended Complaint at Law.

83.     This defendant is without sufficient information to admit or deny the allegations contained in paragraph 83 of the First Amended Complaint at Law and, therefore, denies same.

84.     This defendant is without sufficient information to admit or deny the allegations contained in paragraph 84 of the First Amended Complaint at Law and, therefore, denies same.

85.     This defendant is without sufficient information to admit or deny the allegations contained in paragraph 85 of the First Amended Complaint at Law and, therefore, denies same.

### COUNT XII – NEGLIGENCE – SURVIVAL ACTION – RESPONDEAT SUPERIOR
### KOHLER v. CRST EXPEDITED, INC.

86.     This defendant restates and incorporates herein by reference its responses to paragraphs 1-26, 32-55, 64-68, and 80-81 of the Complaint at Law as though fully set forth herein.  This defendant made no response to paragraphs 27-31, 56-63, and 69-79 of the Complaint at Law since the counts containing those paragraphs are not directed against this defendant. However, in the event that any of those allegations are or can be construed against this defendant, and in the event that any of the allegations contained in paragraphs 27-31, 56-63, and 69-79 are adopted or incorporated into this count directed against this defendant, they are specifically denied.

87.     This defendant denies the allegations contained in paragraph 87 of the First Amended Complaint at Law.

88.     This defendant acknowledges that Plaintiff Christine Zurzweil, Administrator Ad Pros of the Estate of Cole W. Young, deceased, purports to pursue the claims in Count XII of the First Amended Complaint at Law pursuant to 735 ILCS 5/13-209.

89.     This defendant states that the referenced statute speaks for itself in terms of the types of damages to which plaintiff claims she is entitled as a result of the claims contained in Count XII of the First Amended Complaint at Law.

90.     This defendant is without sufficient information to admit or deny the allegations contained in paragraph 90 of the First Amended Complaint at Law and, therefore, denies same.

### COUNT XIII – NEGLIGENCE – WRONGFUL DEATH
### KOHLER v. CRST EXPEDITED, INC.

91.     This defendant restates and incorporates herein by reference its responses to paragraphs 1-21 of the First Amended Complaint at Law as though fully set forth herein.

92.     Paragraph 92 of the First Amended Complaint at Law makes no factual allegations to which this defendant is obligated to respond insofar as paragraph 92 contains conclusions of law.  To the extent this paragraph is deemed to contain any factual allegations, this defendant denies all such allegations.

93.     Paragraph 93 of the First Amended Complaint at Law makes no factual allegations to which this defendant is obligated to respond insofar as paragraph 93 contains conclusions of law.  To the extent this paragraph is deemed to contain any factual allegations, this defendant denies all such allegations.

94.     This defendant denies the allegations contained in paragraph 94 of the First Amended Complaint at Law, including each and every subpart thereto.

95.     This defendant denies the allegations contained in paragraph 95 of the First Amended Complaint at Law.

96.     This defendant is without sufficient information to admit or deny the allegations contained in paragraph 96 of the First Amended Complaint at Law and, therefore, denies same.

97.     This defendant is without sufficient information to admit or deny the allegations contained in paragraph 97 of the First Amended Complaint at Law and, therefore, denies same.

98.     This defendant is without sufficient information to admit or deny the allegations contained in paragraph 98 of the First Amended Complaint at Law and, therefore, denies same.

## COUNT XIV – NEGLIGENCE – SURVIVAL ACTION
### KOHLER v. CRST EXPEDITED, INC.

99.     This defendant restates and incorporates herein by reference its responses to paragraphs 1-26, 32-55, 64-68, and 80-94 of the Complaint at Law as though fully set forth herein. This defendant made no response to paragraphs 27-31, 56-63, and 69-79 of the Complaint at Law since the counts containing those paragraphs are not directed against this defendant. However, in the event that any of those allegations are or can be construed against this defendant, and in the event that any of the allegations contained in paragraphs 27-31, 56-63, and 69-79 are adopted or incorporated into this count directed against this defendant, they are specifically denied.

100.    This defendant denies the allegations contained in paragraph 100 of the First Amended Complaint at Law.

101.    This defendant acknowledges that Plaintiff Christine Zurzweil, Administrator Ad Pros of the Estate of Cole W. Young, deceased, purports to pursue the claims in Count XIV of the First Amended Complaint at Law pursuant to 735 ILCS 5/13-209.

102.    This defendant states that the referenced statute speaks for itself in terms of the types of damages to which plaintiff claims she is entitled as a result of the claims contained in Count XIV of the First Amended Complaint at Law.

103.    This defendant is without sufficient information to admit or deny the allegations contained in paragraph 103 of the First Amended Complaint at Law and, therefore, denies same.

### AFFIRMATIVE DEFENSES

1.      For further answer and affirmative defense, this defendant states that the Complaint at Law fails to state a claim upon which relief may be granted.

2.    For further answer and affirmative defense, this defendant states that the Complaint at Law fails to state a claim upon which relief may be granted in Counts V, VI, XIII, and XIV for negligent entrustment, hiring, retention, training, and/or supervision because said claims do not exist after a trucking company admits that its driver was acting within the course and scope of his employment or agency at the time of the accident.

3.    For further answer and affirmative defense, this defendant states that Plaintiff Kohler fails to state a claim for negligent inflection of emotional distress in Count VIII in that Plaintiff Kohler fails to sufficiently plead the "impact rule" and/or the "zone-of-danger rule" needed to state such a claim.

4.    For further answers and affirmative defense, this defendant states that venue in the United States District Court for the Northern District of Illinois is improper or, alternatively, a less appropriate venue for this cause since the subject motor vehicle accident occurred in the Southern District of Illinois, none of the parties to the accident are from the Northern District, and most of the evidence and witnesses are located in the Southern District. Accordingly, this matter should be transferred to the United States District Court for the Southern District of Illinois.

5.    For further answer and affirmative defense, this defendant states that it is entitled to a set-off or reduction against any adverse judgment entered against it in the amount of any payment made by any other alleged tortfeasor.

6.    For further answer and affirmative defense, this defendant states that it reserves the right to amend or supplement its affirmative defenses upon conducting further discovery in this matter.

WHEREFORE, having fully answered plaintiffs' First Amended Complaint at Law, Defendant CRST Expedited, Inc. prays to be dismissed with its costs herein expended, and for such other and further relief as the Court deems just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY.**

/s/ Michael S. Hamlin

Michael S. Hamlin #6281832
NICHOLS LANG & HAMLIN, LLC
Attorneys for Defendants CRST Expedited,
Inc. and Bill Lard
1795 Clarkson Road, Suite 230
Chesterfield, Missouri 63017
(314) 429-1515
(314) 428-9592 (Fax)
mike@nlh-law.com

## *CERTIFICATE OF SERVICE*

The undersigned hereby certifies that a copy of the foregoing has been electronically filed via the CM/ECF system on this 6th day of October, 2021. Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.

/s/ Michael S. Hamlin